**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

NATIONSTAR MORTGAGE LLC d/b/a
CHAMPION MORTGAGE COMPANY,

*Plaintiff,*

vs.

Case No. 16-1403-EFM-GEB

ROY L. JACKSON, et al.,

*Defendants.*

**MEMORANDUM AND ORDER**

On August 10, 2015, Nationstar Mortgage LLC ("Nationstar") filed this action in the District Court of Pawnee County, Kansas. The petition sought foreclosure of a "reverse mortgage" allegedly executed by Lucille L. Jackson and Harold L. Jackson, both of whom are now deceased. The petition alleged that Roy L. Jackson is the lawful holder of the mortgage, that Nationstar is entitled to immediate payment of all sums previously advanced to the Jacksons, that it is entitled to foreclosure of its mortgage on the subject property, and that its mortgage has priority over other claimed interests in the property. The petition named as defendants a number of entities and individuals with interests or potential interests in the mortgaged property, including Roy L. Jackson, who is alleged to be a known heir of Lucille L. Jackson.

On September 4, 2015, Roy L. Jackson filed a pro se notice of removal in this Court (Case No. 15-1263-JTM-KGG). The notice alleged that this Court has jurisdiction over the

action by virtue of 28 U.S.C. §§ 1331 & 1332 because the action is "[b]etween citizens of different States, Federally insured Mortgage, Federal Question."

Nationstar moved to remand, arguing that Roy Jackson failed to identify any issue arising under federal law, that he failed to show diversity jurisdiction, that there were properly-served defendants who were citizens of Kansas such that removal was improper under 28 U.S.C. § 1441(b)(2), and that removal was untimely and was not consented to by the other defendants as required by 28 U.S.C. § 1446(b).

Chief Judge J. Thomas Marten granted Nationstar's motion to remand because Jackson failed to show that removal was proper under either federal-question or diversity jurisdiction.[1] The action was remanded to the District Court of Pawnee County.

On October 27, 2016, Jackson filed a second notice of removal, removing the case back to federal court. Shortly thereafter, Nationstar filed this present motion to remand, asking the Court to remand the case back to the District Court of Pawnee County yet again. The motion is ripe for consideration.

Here, the material facts of the case have not changed, so the Court does not need to repeat Judge Marten's analysis from the previous case.[2] Jackson is still unable to show that removal is proper under either federal-question or diversity jurisdiction.

In the most recent notice of removal, Jackson does not address federal-question jurisdiction. Instead, he relies solely on diversity jurisdiction, claiming that this is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000.[3]

---

[1] *Nationstar Mortgage LLC v. Jackson*, 2015 WL 7312440 (D. Kan. 2015).

[2] *See id.* at **1–2.

[3] *See* 28 U.S.C. § 1332(a).

In support, he provides the Court with additional facts to show that the matter in controversy exceeds the sum of $75,000. His calculations, however, must be mistaken. Jackson cites the loan balance Nationstar is seeking to recover ($34,770.16), attorney fees ($10,154.00), and costs of this action pursuant to K.S.A. § 60-2001 ($1,077.04).[4] These figures add up to a grand total of $46,001.20—well short of the $75,000 requirement. Thus, Jackson again fails to show that removal was proper under diversity jurisdiction.

For all of the foregoing reasons, the case was not properly removed to federal court.

**IT IS THEREFORE ORDERED** that Nationstar Mortgage LLC's Motion to Remand (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of this Court may not accept any further filings from Roy L. Jackson seeking to remove this matter to the U.S. District Court, District of Kansas, unless Jackson first obtains the written authorization of a U.S. District Judge within this District to file another notice of removal.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[4] While not entirely clear, it appears that Jackson may also be including the total loan amount of $64,000 in his calculations. If so, the Court cannot consider that figure in making these calculations. The entire loan agreement is not in controversy in this action. *See Leader Mortg. Co. v. Earel*, 1998 WL 781225, at *1 (D. Kan. 1998). The amount in controversy here is the loan balance Nationstar is seeking to recover, $34,770.16.